SPECTOR, Acting Chief Judge
(dissenting) :
I respectfully dissent from the majority’s decision to deny rehearing. I would grant rehearing and recede from our earlier decision for reasons which follow.
Subsequent to our decision herein filed April 12, 1973, appellees filed a petition for rehearing in which they contend that the court overlooked evidence in the record which tended to support the lower court’s upholding of the assessment.
The issue as framed in our earlier opinion was whether the tax assessor had carried his burden of proof that the assessments were correct. Appellees in their petition for rehearing cite numerous examples of testimony which if believed would support a finding that the assessor had carried his statutory burden. There is testimony that the tables to be used as guidelines under the statute were not applicable to Madison County in that they involved natural pines, whereas 75 percent to 80 percent of Madison County is planted pines. Section 195.032, Florida Statutes, F.S.A., requires that the tax assessors use the standard tables or, upon refusing to follow such standards, carry the burden to overcome the presumption by a preponderance of the evidence. The law does not require the assessor to use the standard tables. This was succinctly stated in Powell v. Kelly, 223 So.2d 305 (Fla.1969), as follows:
“ . . . So it is that any standard measure of value promulgated by the State Comptroller would not destroy the right of the tax assessor to exercise his discretion or judgment in reaching the ultimate conclusion of just value. The standard measure of value would direct the tax assessor to use a certain approach, but would not necessarily bind or determine the ‘just value’ or ‘market value’ of the property. . . .”
I believe that the assessor in the instant case has clearly shown by the evidence that the standards were not applicable to his county or, at the very least, the particular property involved in this litigation and has presented sufficient evidence to uphold his independent assessment. As pointed out in the petition for rehearing, there was an abundance of testimony as to the actual cords per acre grown in the Madison County lands of these appellants as opposed to how much should have been grown according to the standard table. In every instance, the actual cords per acre grown were, significantly higher than that stated in the table and more in line with the actual assessment.
Also, there were several witnesses, including appellants’ own witnesses, who testified as to the actual amount paid per acre for planted pines, all of which tended to support the assessment made by appel-lee.
It is a well established principle of law that this court will not substitute its judgment for that of the trial court when there is sufficient evidence upon which the trial court’s decision is based. My reconsideration of the evidence following the petition *385 for rehearing- convinces me that the appel-lee assessor adduced ample evidence in the trial of this cause to justify and support his departure from the standard measures of value established and promulgated by the Department of Revenue pursuant to Section 195.032. It is therefore inescapable that the statutory presumption of just valuation accorded the standards so promulgated was overcome by a preponderance of the evidence. Accordingly, it seems to me that the trial court’s ruling that the assessed valuation of appellants’ lands is not in excess of the value of said real property for agricultural purposes is supported by the evidence adduced below when the same is considered in the light most favorable to the prevailing party.
Therefore, the petition for rehearing should be granted and for the reasons stated above we should recede from our earlier opinion, and the judgment of the lower court should be affirmed.